### WRIGHT v. WEISSBUCH.
### No. 36316.

Circuit Court, Dade County.

March 5, 1958.

Richard H. Hunt, Miami, for plaintiff.

Milton M. Ferrell, Miami, for defendant.

CHARLES A. LUCKIE, Circuit Judge.

This matter is before the court on a motion to dismiss and a motion to strike addressed to an amended complaint containing six "causes of action" grounded on defamation.

The 1st and 4th counts are identical except as to the defamatory matter alleged.

The 2nd and 5th counts are merely repetitious of the 1st and 4th adding only that the defendant "acted with malicious aforethought and evil design." This, however, is mere surplusage since the 1st and 4th counts allege malice and the additions do not change either their character or force. Therefore, the motion to strike the 2nd and 5th counts should be granted.

The 3rd and 6th counts are even more subject to the motion to strike since, apart from being merely repetitious, they show no cause of action in the plaintiff with respect to the added allegations. These aver that some improper means were used by the defendant to secure the position of assistant to the state attorney, but they show no causal connection with or damage to the plaintiff by reason thereof. If the purpose was to show that the defendant did not legally hold the position and was therefore not entitled to the shield of privilege, no such allegation is made.

The validity of the amended complaint, therefore, rests upon the 1st and 4th counts only.

These counts in substance allege that the defendant, acting as assistant to the state attorney, did "advise, counsel, assist and procure" a grand jury to return and publish in open court a written

report containing defamatory matter of and concerning the plaintiff; that this was against the warning, counsel and advice of his superior, the state attorney, and was beyond the scope and contrary to the defendant's legal duty, which the defendant "needlessly, defiantly and maliciously" refused to heed, and therefore, acted beyond the scope of his lawful authority. That thereafter he defended his position before the court in opposition to the state attorney and that (by inference) the court ruled in the defendant's favor and permitted the report to be made public to the grievous damage of the plaintiff.

There is no doubt, of course, that the statements made in the interim (1st count) and final (4th count) returns of the grand jury were of such character as would be libelous per se had they been published by a private person without privilege. The remarks were derogatory and defamatory. They clearly impugned the moral integrity, fitness and capacity of the plaintiff in his profession.

But the defamatory statements were not uttered or published by a private individual, but by a duly constituted grand jury, a recognized arm of the judiciary, and therefore, the ultimate questions presented here on this point, it seems to me, are the following —

1.  May an assistant to the state attorney be guilty of defamation who *does not personally utter the* defamatory matter, but "advises, counsels, assists and procures" a grand jury to do so?

2.  Would he be so liable if he so acts *contrary to the advice and warning of his superior*, the state attorney?

*As to 1st Question —*

It is elementary that no person can be charged with a tort unless he has personally committed same or it was committed by another with his express or implied authority or his responsibility is otherwise fixed by law. Bowden v. Jacksonville (Fla.), 42 So. 394.

None of these elements are averred in the complaint.

In 33 Am. Juris. 110, it is said —

"In order to impose liability for the publication of a defamatory statement *such publication must have been made by the defendant either directly or through the agency of some person authorized to act for him.*"

The publication charged here was made by the grand jury upon authorization by the court, and it cannot be contended that either

the grand jury or the court were agents or instrumentalities under the control of the defendant.

Does the fact that the defendant advised, counselled and "procured" the grand jury to issue the reports make the reports his personal utterances? Does he thereby in law adopt the reports as his own so as to be chargeable with their contents?

I can find no authority which holds that a grand jury return is attributable to any person or group, official or otherwise, other than the body itself. It is a constitutional body which secures evidence from witnesses and advice and counsel and guidance from the state attorney, or his assistants. It deliberates, votes in secret and makes presentment. In re Report of Grand Jury (Fla.), 11 So. 2d 316.

Counsel and advice of the assistant or the state attorney himself is part of this official's duty, but in nowise makes the consequent report of the jury his own. The grand jury may refuse to indict or censure even against the advice and counsel of the state attorney, and contrariwise, may indict or censure when this is contrary to the advice and counsel of the state attorney. They having full freedom of choice, it cannot be said that their report can in any instance be regarded as that of their advisor or counsellor.

By law the assistant to the state attorney has the duty to give to the grand jury legal advice.

Now it is true the complaint in this case adds the word "procured." But this is a vague and general term setting forth no specific act or conduct. The most that may be inferred from this allegation is that the defendant *influenced* the jury in taking the direction it took. But even this is far removed from alleging the necessary predicate of civil liability namely that the defendant himself uttered and published a defamatory statement or caused it to be uttered by an agent or other alter ego for whose acts the law imposes responsibility on the defendant. It may be said with equal fairness and logic that the counsel, advice and guidance of the state attorney himself or the testimony of the witnesses appearing before the grand jury, "influence" or even "procure" the return of their report. But can it be seriously contended that in that event the state attorney and the witnesses shall be held liable as authors of the report?

*As to the 2nd Question —*

If the defendant is not liable for the defamatory report of the grand jury because it is not his utterance, does the fact that he

acted even with malice against the advice of his superior, the state attorney, change the situation and render him liable?

The theory contended for apparently is that though one is not liable for defamation published by another, if he is acting beyond the scope of his legal authority, then, by some legerdemain, that act of another is suddenly transformed into his own act.

It seems to me the very statement of the theory points up its falsity.

In the first place there is nothing in the statute authorizing the appointment of an assistant to the state attorney which requires the assistant to advise and counsel the grand jury only as instructed by the state attorney. See section 27.18, Florida Statutes. There is nothing in the Act which renders counsel and advice which he gives "ultra vires" or beyond the scope of his authority simply because it does not correspond with the judgment of his superior. Of course, if the superior does not approve, he may, with the consent of court, secure his dismissal. But this does not render what he does an unauthorized or illegal act, even though he is paid for his services by the state attorney.

And admitting that his act is beyond the scope of his lawful duties, that by no means authorizes the conclusion that he thereby in law makes the report of the grand jury his own. This step cannot be negotiated from that premise. If an act is not his when he acts within his authority, he cannot make it his act by going beyond his authority. At least not in absence of allegations of coercion or force, or other appropriate allegations, which are not contained in the complaint.

Furthermore, the complaint nowhere alleges that the defendant returned, published or caused to be published the defamatory report of the grand jury. Thus, the indispensable element of this actionable tort is missing, and therefore, the complaint is fatally defective.

It is asserted that the jury made the return in open court, and that upon a motion to suppress, opposed by the defendant, the court overruled the motion, and ordered the publication.

The publication, therefore, absent any other allegation that it was previously published, is the result of a judicial act taken in a judicial proceeding. This being so, the communication is absolutely privileged and no action will lie therefor, unless it can be alleged and proved that the defamatory words were wholly and entirely outside of, and have no connection with, the matter of inquiry, and that the statements were either published or authorized by defendant.

It is, thereupon, ordered and adjudged that the motion to strike counts numbered 2, 3, 5 and 6 of the amended complaint shall be, and the same is hereby granted and said counts are hereby stricken.

It is further ordered and adjudged that the motion to dismiss counts 1 and 4 of the amended complaint shall be, and same is hereby sustained, with leave granted to plaintiff to further amend his complaint within 60 days, and defendant shall plead thereto as advised within 30 days after receipt of a copy of such amended complaint.